IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IGNACIO SANCHEZ, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:19-cv-1027-M (BT) |
| | § | No. 3:15-cr-0432-M (BT) (35) |
| USA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Ignacio Sanchez, a federal prisoner, filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion.

I.

Beginning in late 2008, DEA agents began an investigation into drug-trafficking activities of drug distribution cells that were working on behalf of cartels based in Mexico. (PSR ¶ 9.) Agents determined Sanchez was a supplier of methamphetamine that he received from Mexico. (PSR ¶ 12.) Sanchez would receive the methamphetamine in a powder form, and he

1

would then convert it into crystal methamphetamine and distribute it throughout North Texas. (PSR ¶¶12, 25-26.)

On the day he was arrested, Sanchez allowed agents to search his residence and a small building that he rented. (PSR ¶ 24.) Those searches uncovered guns, cash, a drug ledger, and drugs. (*Id.*)

On July 26, 2016, Sanchez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(viii). The District Court sentenced him to 240 months in prison. The Fifth Circuit Court of Appeals subsequently dismissed Sanchez's appeal as frivolous. *United States v. Sanchez*, No. 17-10172 (5th Cir. Feb. 16, 2018).

Now, in this § 2255 motion, Sanchez argues his trial counsel was ineffective for failing to file a motion to suppress. The government filed a response to the § 2255 motion, but Sanchez did not file a reply. The motion is thus fully-briefed and ripe for determination.

## II.

To sustain a claim of ineffective assistance of counsel, a movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive the movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*,

the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a movant must prove prejudice. To prove such prejudice, the movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### III.

### A.

Sanchez claims his trial counsel was ineffective when counsel failed to file a motion to suppress the evidence found in the search of his residence and the small rented building on the ground that Sanchez did not voluntarily consent to the search. He states the evidence was used to increase his

sentence. Sanchez argues his consent to the search was coerced by agents because they handcuffed him, and because he could not read the consent papers or properly communicate with agents since he does speak or read English.

B.

A guilty plea generally waives all nonjurisdictional defects in the proceedings. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citations omitted); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). "This includes all claims of ineffective assistance of counsel *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith*, 711 F.2d at 682 (citations omitted). Here, Sanchez does not allege that his guilty plea was involuntary. His ineffective assistance of counsel claim also does not relate to the voluntariness of his plea. Sanchez alleges only that the failure to file a motion to suppress affected the length of his sentence, not that it effected his decision to plead guilty. His ineffective assistance of counsel claim is therefore waived.

Additionally, to establish ineffective assistance of counsel, a movant must allege that "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. Sanchez has not alleged that but for his counsel's failure to

4

file a motion to suppress, he would have insisted on proceeding to trial. Sanchez's motion should be denied.

## IV.

For the foregoing reasons, the Court recommends that the motion to vacate, set-aside, or correct sentence under § 2255 be denied.

Signed February 19, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).