

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IGNACIO SANCHEZ,　　　　　　　　　　　CASE NO. 3:19-cv-1027-M(BT)
　　Petitioner,　　　　　　　　　　　　　　　3:15-cr-0432-M(BT)(35)
v.

UNITED STATES OF AMERICA
　　Respondent.

## RELIEF SOUGHT

　　Petitioner, Ignacio Sanchez, Pro Se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(b) for an Order to open and set aside the Judgment entered on his 28 U.S.C. § 2255 petition on April 21, 2020. Petitioner should be granted relief from the judgment in this matter due to the following defect in the integrity of the habeas proceeding:

1. The District Court erred when it dismissed the § 2255 petition without conducting an evidentiary hearing.

2. The Court did not address the motion for an evidentiary hearing prior to denying the § 2255 petition.

　　Petitioner is requesting the judgment to be set aside, and a full evidentiary hearing and finding of facts before a ruling is made on his § 2255 petition.

## GROUNDS FOR RELIEF

1. Prior to the Court denying the 2255 Petition, Petitioner filed a motion for an Evidentiary Hearing. The Court failed to address this motion before denying the § 2255 Petition.

2. On April 21, 2020, this Court entered an Order denying Petitioner's 28 U.S.C. § 2255 petition without conducting an evidentiary hearing.

## A. RULE 60(b) MOTION

3. Regardless of how it is styled, a Rule 60(b) motion will be treated as a successive § 2255 application if it raises new claims or "attacks the federal court's previous resolution of a claim on the merits." **United States v. Brown**, 547 Fed. Appx. 637, 641 (5th Cir. 2013) (unpublished) (quoting **Gonzalez v. Crosby**, at 531-32. When a rule 60(b) motion does not challenge the district court's prior resolution of claims on the merits and instead attacks "some defect in the integrity of the federal habeas proceedings" the motion is not the equivalent of a successive habeas application and should not be construed as such.

4. "In **Brown**, supra, the appellate court recognized a reurged request for an evidentiary hearing as being similar to the types of post-judgment challenge that constitute an attack on "some defect in

the integrity of the federal habeas proceedings" as opposed to a challenge on the merits. **Brown**, 547 Fed. Appx at 642. Like the conclusion of the panel in **Brown** Mr. Sanchez Rule 60(b) motion, the purpose of which is to reurge his request for an evidentiary hearing - should not be construed as a successive § 2255 motion that requires authorization from the Fifth Circuit. This Court should follow **Brown**, solely for the purpose of determining whether it has jurisdiction to address the 60(b) motion on the merits.

5. Similarly, Federal Rule of Civil Procedure 60(b) provides a party a chance to seek relief from a Judgment or ask the court to reopen its case. Although a 60(b) motion constitutes a second or successive petition "if it attacks the Federal Court's previous resolution of a claim on the merits", the Supreme Court has held that is not the case "when a Rule 60(b) motion attacks....some defect in the integrity of the Federal Habeas proceeding in <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed. 2d 480 (2005) (emphasis added);

## B. <u>SECTION 2255 HEARING</u>

6. Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Once a petitioner files a § 2255 motion, the District Court is required by <u>statute</u> to hold a

hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. (b); see **United States v. Reed**, 719 F.3d 369, 373 (5th Cir. 2013); **Dupart v. United States**, 541 F.2d 1148, 1149 (5th Cir. 1976) (per curiam). As the Appellate Court has explained, an application of this statutory command...demands a two step inquiry:

> (1). Does the record in the case, supplemented by the Trial Judge's "personal knowledge or recollection," conclusively negate the factual predicates asserted in support of the motion for post-conviction relief?
>
> (2) Would the petitioner be entitled to post conviction relief as a legal matter if those factual allegations which are not conclusively refuted by the record and matters within the Trial Judge's personal knowledge or recollection are in fact true?

7. If the answer to the first inquiry is a negative one the answer to the second inquiry an affirmative one, then a 2255 requires the District Court to conduct an evidentiary hearing on those factual allegations which, if found to be true, would entitle the petitioner to post-conviction relief. see **Friedman v. United States**, 588 F.2d 1010, 1015 (5th Cir. 1979). Thus, a District Court abuses it discretion by denying an evidentiary hearing if the motion sets fourth specific controverted issues of facts that are not conclusively negated by the record and that if proved at the hearing, would entitle the petitioner to any relief. see e.g. **Mack v. Smith**, 659 F.2d 23, 25 (5th Cir. 1981) ("Where the Petitioner would be entitled to post conviction relief if his factual allegations were proven true, § 2255 requires an evidentiary hearing on those allegations,") (citing

Freedman, 588 F.2d 1010 approvingly); see also U.S. v. Thompson, 721 F.3d 711, 713, 406 U.S. App. D.C. 79 (D.C. Cir., 2013)("Where a defendant raises a culurable and previously unexplored ineffective assistance claim on appeal, we remand for further district court proceedings unless the record alone conclusively shows that the defendant either is or is not entitled to relief,"); Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014)("A petitioner need only allege - not prove - reasonably specific, non-conlusory facts that, if true, would entitle him to relief.")

8. "Contested fact issues in § 2255 cases must be decided on the basis of evidentiary hearings." Reagur v. United States, 488 F.2d 515, 517 (5th Cir. 1973). As the Supreme Court has explained, even if the government contends that the petitioner's allegations are improbable and unbelievable," if the petitioner makes specific and detailed assertions in his motion and affidavit that create contested issues of fact that, if true, entitle him to relief, an evidentiary hearing is warranted. Machibroda v. United States, 368 U.S. 487, 494, 82 S. Ct. 510, 7 L. Ed. 2d (1962); See also Fontaine v. United States, 411 U.S. 213, 214-15, 93 S. Ct. 1461 36 L. Ed. 2d 136 (1977) (vacating and remanding for an evidentiary hearing where the petitioner's motion for "relief under § 2255 set out detailed factual allegations" that, if true, would support his "confession, his waiver of counsel, and the uncounseled plea of guilty" were all coerced.) (explaining that "in administering the writ of habeas corpus and its § 2255 counterpart,

the federal courts cannot fairly adopt a per se rule excluding all possibility that a defendant's representation at the time of his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation b y others as to make the guilty plea a constitutionally inadequate basis for imprisonment" and remanding because the record of the plea hearing did not, in view of allegations made conclusively show that the prisoner (was) entitled to no relief.")

## C. NEED FOR EVIDENTIARY HEARING

9. Petitioner's motion for relief under § 2255 set out factual allegations regarding the voluntariness of his guilty plea and Counsel's failure to raise a 4th Amendment claim:

1. The guilty plea was not knowing and intelligently made, pursuant to Rule 11.

2. The search conducted on or about October 20, 2015, was in violation of the Fourth Amendment;

3. Counsel provided ineffective assistance by failing to suppress guns and drugs used to enhance Petitioner's sentence;

4. Petitioner was prejudiced by Counsel's performance as his guideline range would have been 168 months to 210 months, rather than 324 months to 405 months.

10. Petitioner also filed a sworn Affidavit with detailed and specific factual allegations that are not "directly refuted" by the record. Petitioner would be entitled to relief as a legal matter if

-6-

those factual allegations are in fact true. Therefore, an evidentiary hearing is warranted. The question here is not the merits of Petitioner Ineffective assistance claim, but, rather, whether the District Court erred in denying the claim without granting an evidentiary hearing. The Court's failure to conduct an evidentiary hearing or address Petitioner's motion for an evidentiary hearing before denying Petitioner's 2255 motion is also a defect in the integrity of the habeas proceeding that justify vacating the Court's Order and conducting a full evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Petitioner moves this Court to vacate the Judgment and conduct a full evidentiary hearing before a decision is reached on his § 2255 Petition.

RESPECTFULLY SUBMITTED,
BY PETITIONER, PRO SE

11/23/20
DATE:

Ignacio Sanchez

IGNACIO SANCHEZ
#50245-177
PO BOX 2000
FORT DIX, NJ 08640

OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMECE-ROOM 1452
DALLAS TX 75242-1495


