IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IGNACIO SANCHEZ, | § | |
| | § | |
|    Movant, | § | |
| | § | |
| v. | § | No. 3:19-cv-01027-M (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Movant Ignacio Sanchez's Rule 60(b) motion seeking relief from judgment. (ECF No. 19). For the reasons stated, the Court should deny Sanchez's motion.

I.

Sanchez filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255, which was received in this Court on April 29, 2019. (ECF No. 2.) On February 19, 2020, the undersigned United States magistrate judge issued findings, conclusions, and a recommendation that Sanchez's § 2255 motion be denied. (ECF No. 10.) On April 21, 2020, the District Court accepted the magistrate judge's findings and recommendation, denied a certificate of appealability, and entered judgment. (ECF Nos. 13, 14.)

On March 9, 2020, the Court received a motion for extension of time for Sanchez to file his objections. (ECF No. 11.) The Court granted his request and

gave him until April 13, 2020 to file any objections. (ECF No. 12.) On May 1, 2020, the Court received Sanchez's objections to the magistrate judge's findings and recommendation, a motion seeking an evidentiary hearing, and a declaration in support of his motion for a hearing. (ECF Nos. 15-17.) On May 5, 2020, the Court determined the objections did not warrant revising the Court's previous rulings, and it denied the motions. (ECF No. 18.) Thereafter, on November 23, 2020, Sanchez filed his Rule 60(b) motion in which he challenges the decision to deny his § 2255 motion without a hearing. (ECF No. 19) ("The District Court erred when it dismissed the § 2255 motion without conducting an evidentiary hearing. The Court did not address the motion for an evidentiary hearing prior to denying the § 2255 motion.")

## II.

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that time period, it is analyzed under Rule 60. *Id.* Sanchez's motion, received in this Court on November 30, 2020, was filed more than 28 days beyond entry of judgment on April 21, 2020. His motion will therefore be treated as filed under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

As a threshold matter, Sanchez's motion should be denied because it is an impermissible substitute for an appeal. Though Sanchez claims that there are "defect[s] in the in the integrity of the habeas proceeding," he failed to appeal to the Fifth Circuit Court of Appeals. (ECF No. 19 at 1.) Sanchez does not present any

unusual or unique circumstances to merit Rule 60(b) relief, nor does his motion raise any issues that he would not have known prior to the normal appeals deadline.

Sanchez's motion also should be denied as untimely because it was not filed within a reasonable time. Pursuant to Rule 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time, or good cause must be demonstrated for the delay.[1] *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[ (c) ]." *Pryor v. U.S. Postal Serv.*, 769

---

[1] All motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). However, Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

F.2d 281, 288 (5th Cir. 1985). Rule 60(b) should not be allowed to operate as an end run around appeal time limits. *Id.*

Judgment was entered in this case on April 21, 2020. (ECF No. 14.) Sanchez's Rule 60(b) motion was filed *more than seven months later*—on November 23, 2020.[2] Both of the claims he now brings were known to him on April 21, 2020, when the Court entered its order denying his § 2255 motion without first affording him an evidentiary hearing and entered Judgment. (ECF Nos. 13, 14.) As noted, Sanchez did not appeal this Court's ruling.

Even if Sanchez's motion were appropriate and timely, it should still be denied on the merits because Sanchez has not shown any mistake in the Judgment. Sanchez argues that this Court erred in the following respects: (1) dismissing his § 2255 motion without conducting an evidentiary hearing, and (2) failing to address his motion for an evidentiary hearing prior to denying his § 2255 motion. (ECF No. 19 at 1.) According to Sanchez, he filed a sworn affidavit, which included detailed factual allegations that were not directly refuted by the record. (ECF No. 19 at 6.) For this reason, he concludes that an evidentiary hearing was warranted in his case. (*Id.*) Moreover, Sanchez claims that the issue before this Court now is not whether the claim he raised in his § 2255 motion had merit, but whether the claim

---

[2] Under the prison "mailbox rule," a prisoner's pleading is deemed to be filed on the date that he submitted his pleading to prison authorities to be mailed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Sanchez's Rule 60(b) motion is signed and dated November 23, 2020. (ECF No. 19 at 7.) The Court presumes it was delivered to prison authorities on that date.

was denied on the merits without first affording him an evidentiary hearing. (ECF No. 19 at 7.)

A § 2255 evidentiary hearing must be conducted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). When making this determination, "[t]he filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). An evidentiary hearing is not required if the prisoner fails to come forward with "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

In Sanchez's § 2255 motion, he raised only one issue. Specifically, he argued that his trial counsel provided ineffective assistance of counsel when he failed to file a motion to suppress evidence seized from an involuntary search of several of his properties. (ECF No. 2 at 4.) However, as the Government pointed out, and the Court ultimately found, Sanchez waived this pre-plea claim when he pleaded guilty. (ECF No. 8 at 4-5; ECF No. 10 at 4-5; ECF 13.) A hearing was not required because the files and records of the case conclusively show that Sanchez is not entitled to relief.

## RECOMMENDATION

The Court should DENY Sanchez's Rule 60(b) motion (ECF No. 19).

**SO RECOMMENDED**.

December 10, 2020.

                    REBECCA RUTHERFORD
                    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).